IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| COY D. GLENN, #01663392 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv350 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Coy D. Glenn, a prisoner confined within the East Texas Treatment Facility, proceeding *pro se*, filed this habeas corpus petition. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 8, 2023, the Court issued an order, (Dkt. #4), directing Petitioner to file an amended pleading to that the Court could properly determine the nature of his case and evaluate its merits within thirty days from receipt of the order. The order further directed Petitioner to submit the filing fee applicable to the type of pleading he chooses or a properly supported *in forma pauperis* application—and warned Petitioner that the failure to comply may result in the dismissal of his lawsuit. A copy of this order was sent to Petitioner at his last-known address. To date, however, Petitioner has neither filed an amended pleading nor any filing fee or *in forma pauperis* application.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power

1

to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Petitioner's failed to comply with the August 8, 2023, order directing him to submit an amended pleading and the filing fee or an application to proceed *in forma pauperis*. His failure to do so—coupled with his failure to communicate with the Court—evince his failure to comply with an order of the Court.

Petitioner's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed, without prejudice, for Petitioner's failure to comply with an order of the Court. The Court also recommends that Petitioner be denied a certificate of appealability *sua sponte*, which refers to this case and does not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 10th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE